Requestor: Robert J. Leader, Esq., Village and Town Attorney Village and Town of Gouverneur P.O. Box 13 Gouverneur, N Y 13642-0013
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that a town and village you represent as municipal attorney have sought ways to reduce costs. You have inquired whether various arrangements are lawful to accomplish that purpose.
First, you have asked whether the town's code enforcement officer may also act as the village's code enforcement officer. We believe there is ample authority for this arrangement under Article 5-G of the General Municipal Law which authorizes municipal corporations to agree by contract to perform services jointly or for one municipality to perform services for another. General Municipal Law § 119-o(1). Each of the participants to the agreement must have authority independently to perform the particular service. Id., § 119-n(c). In that both the town and village have code enforcement officers, this requirement is met. Under Article 5-G, a municipal cooperation agreement extends appropriate territorial jurisdiction for the undertaking of the various activities, in this case code enforcement. Provisions that may be included in cooperative agreements are stated in Article 5-G. Id., § 119-o(2)(a).
Second, you have inquired as to how the village and town can reduce the cost of real property assessment. The Real Property Tax Law establishes mechanisms for the reduction of assessment costs. Under section 1402(2), the board of trustees of a village by resolution may authorize the assessors to use the assessment roll of the county or town as the basis for assessment, so far as practicable. Alternatively, any village, except a village located in two or more towns having different taxable status dates, may enact a local law subject to permissive referendum, providing that the village will cease to be an assessing unit and that village taxes will thereafter be levied based on the town or county assessment roll. Id., § 1402(3)(a).
Finally, the municipalities wish to do away with two sets of justices, leaving only one or two justices to serve both municipalities. Only the Legislature may discontinue a town court with the approval of the majority of the total number of votes cast at a general election in the town. N Y Const, Art VI, § 17(b). The Legislature has authorized the board of trustees of any village by resolution or local law, subject to permissive referendum, to abolish the office of village justice to take effect only upon the expiration of the current term of such office. Village Law § 3-301(2)(a). Upon the abolition of the office of village justice, the town court would have jurisdiction over the village.
We conclude that municipalities may use Article 5-G of the General Municipal Law to cooperatively undertake activities which they independently have the authority to undertake. A village may reduce assessment costs utilizing section 1402 of the Real Property Tax Law. The village board of trustees may abolish the office of village trustee.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.